UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NADIA JALAL THOMPSON,                )
                                     )
             Plaintiff,              )   No. C11-0120RSL
                                     )
      v.                             )   ORDER DENYING MOTION FOR
                                     )   PROTECTIVE ORDER REGARDING
TRIDENT SEAFOODS CORP., *et al.*,    )   MEDICAL RECORDS
                                     )
             Defendants.             )
_____)

This matter comes before the Court on plaintiff's motion for "Protective Order (Quash) Subpoena Regarding Plaintiff's Medical Records and Subpoena to Depose Dr. Aoyama." Dkt. # 19. Plaintiff objects to the deposition subpoena and records subpoena served on her treating physician, Dr. Aoyama, to the extent they seek medical records or information beyond the subjects specifically authorized by plaintiff in a medical release signed on October 24, 2011.[1]

Plaintiff has asserted a claim for emotional distress damages arising from the

---

[1] In her motion, plaintiff also argues that a subpoena was unnecessary, that the deposition will unduly burden Dr. Aoyama, that videotaping is intimidating and stressful, and that defendants failed to give reasonable notice of the deposition. Depositions of third-party witnesses are generally scheduled through a Rule 45 subpoena. Defendants' use of that procedure is not unusual and imposes no additional burden on plaintiff or the witness. Plaintiff has withdrawn her other procedural objections to the subpoena. Dkt. # 29 at 3.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER REGARDING
MEDICAL RECORDS

alleged sexual harassment that gave rise to this litigation.  She has identified her treating physician, Dr. Aoyama, as an expert.  Apparently recognizing that at least some of her medical records are relevant to her damages claim, plaintiff has authorized the release of records related to her mental health and drug/alcohol abuse.  Dkt. # 26, Ex. J.  However, she has specifically instructed Dr. Aoyama to refrain from producing any records related to "(1) female issues/ hormonal  (2) VD/HIV issues [and] (3) genetic issues."  Dkt. # 26, Ex. L.  Defendants therefore issued a third-party records subpoena to Dr. Aoyama and seek to depose him on January 4, 2012.

By initiating a lawsuit and demanding that defendants compensate her for her emotional distress, plaintiff has put at issue both the extent of that distress and its cause or causes.  If defendants are to have a meaningful opportunity to defend themselves against plaintiff's claim, they must be permitted to investigate other stressors and potential sources of the emotional distress.  If, for example, plaintiff were recently diagnosed with an incurable disease, discovered unfavorable genetic markers, or suffered from a hormonal imbalance that affects her mood, such information would clearly be important to the factfinder when determining the cause of plaintiff's emotional distress.  Plaintiff cannot pick and choose between the types of medical records that will be provided:  she is not the arbiter of what is relevant and what is not relevant.  Having found that the information requested is relevant and noting that defendants have signed a confidentiality agreement regarding the health care information produced by Dr. Aoyama, plaintiff's objections to the scope of the requested discovery are overruled.

Defendants request an award of fees to send "a meaningful message" to plaintiff regarding her discovery obligations.  Although plaintiff's procedural objections were meritless, there was a bona fide dispute regarding the scope of the discovery requested.  Plaintiff promptly and properly filed a motion for protective order to get the issue resolved in a timely manner.  No fees will be awarded.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER REGARDING
MEDICAL RECORDS                              -2-

For all of the foregoing reasons, plaintiff's motion to quash (Dkt. # 19) is DENIED.

Dated this 3rd day of January, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
PROTECTIVE ORDER REGARDING
MEDICAL RECORDS                    -3-