UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NADIA JALAL THOMPSON,             )
                                   )
                Plaintiff,         )   No. C11-0120RSL
        v.                         )
                                   )   ORDER GRANTING IN PART
TRIDENT SEAFOODS CORP., *et al.*,  )   DEFENDANTS' MOTION TO
                                   )   COMPEL
                Defendants.        )
_____)

This matter comes before the Court on "Defendants' Motion to Compel Discovery and Request for Sanctions." Dkt. # 14. Defendants originally sought information regarding plaintiff's employment and efforts to obtain employment since January 1, 1995.[1] Apparently recognizing that plaintiff's job prospects from over a decade ago have no relevance to this litigation, defendants have limited their interrogatories to seek information regarding plaintiff's post-Trident employment. Defendants argue that this information "is relevant to verify what wages and benefits Thompson has earned since leaving Trident, what opportunities she may have foregone, what she told prospective employers about why she left Trident, and her post-Trident emotional and physical condition." Dkt. # 14 at 5. Upon learning that plaintiff may

---

[1] In their motion, defendants also reproduce Request for Production No. 1 which seeks all documents in plaintiff's possession regarding her employment with Trident Seafoods Corp. Dkt. # 14 at 3. Defendants do not, however, certify that they had a meet and confer regarding this document request or explain why they need documents that Trident presumably already has in its possession.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL

have worked for Diamond Parking Service after her employment with Trident ended, defendants issued a third-party subpoena for plaintiff's employee file which revealed that she had been terminated for "unacceptable performance" on October 4, 2011. Dkt. # 21 at 3; Supp. Decl. of Greg Hendershott (Dkt. # 22), Ex. O. Defendants apparently intend to take third-party discovery, including depositions of "at least one witness from each of Thompson's post-Trident employers," once they know the identities of the employers. Dkt. # 14 at 5 n. 1.

Plaintiff acknowledges that defendants are entitled to information that is relevant to the calculation of damages and has therefore produced documentation regarding her attempts to find employment after 2008 (Dkt. # 17 at 3) and copies of her 2009 and 2010 W-2s with the employer information redacted (Decl. of Greg Hendershott (Dkt. # 15), Ex. J). Plaintiff argues, however, that the disclosure of her employers' identities - and the subpoenas and depositions that would follow - may poison her business relationships and will "jeopardize her current employment status" and "only source of income." Dkt. # 17 at 4; Decl. of Greg Hendershott (Dkt. # 15), Ex. H at 1. Plaintiff seeks a protective order regarding the identities of her post-Trident employers.[2]

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." On motion of a party, the Court may, for good cause shown, either "order discovery of any matter relevant to the subject matter involved in the action" or "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(b)(1) and (c)(1). If a protective order is appropriate, the Court may preclude discovery altogether (even though the requested information is relevant) or attempt to mitigate the perceived harm by limiting the scope of discovery or the disclosure of the information. Fed. R. Civ. P. 26(c)(1)(A)-(D).

---

[2] Plaintiff also requests a protective order regarding her medical records. Those issues have already been resolved by the Court. See Dkt. # 31.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL         -2-

The primary issues in this case involve the parties' interactions prior to the termination of plaintiff's employment with Trident. Plaintiff's subsequent employment will have no impact on the jury's determination of whether plaintiff was sexually harassed while working for Trident, whether she was subject to a hostile work environment, and/or whether Trident retaliated against plaintiff for complaining of sexual harassment. The information defendants seek regarding plaintiff's job searches and post-termination employment is undoubtedly relevant to the calculation of damages, but plaintiff has already provided discovery regarding her income and attempts to find another job. Defendants want more. They argue that they should be permitted to contact plaintiff's post-Trident employers or prospective employers to find out how plaintiff has characterized her separation from Trident (*i.e.*, whether she told anyone that she resigned her position) and how she has performed in her new position(s). While both of these topics are of interest to defendants and may lead to the discovery of admissible evidence, subjecting plaintiff's current and prospective employers to discovery and inviting an in-depth critique of plaintiff's job performance certainly poses a risk of annoyance, embarrassment, and oppression. Defendants argue that plaintiff has not provided any evidence to support her fears in this regard. It is not, of course, clear what sort of evidence she could provide in these circumstances without dragging her employers into the fray, which is exactly the harm she is trying to avoid. Having reviewed the record in this matter, the Court finds that the potential yield of admissible evidence from the proposed discovery is so minimal and the long-term effects of allowing defendants to pry into plaintiff's business relationships could be so damaging that the balance of interests favors some limitation on the proposed discovery.

For all of the foregoing reasons, defendants' motion to compel (Dkt. # 14) is GRANTED in part. Plaintiff shall, within fourteen days of the date of this Order, provide to defense counsel copies of the following documents:

1. Applications for employment submitted since September 2008;
2. Tax returns for 2008, 2009, and 2010; and
3. W2s for 2011.

Plaintiff must produce the above-described documents if they are in her possession or if she can obtain them by requesting them from a third-party (such as her employer or tax advisor or records custodian). Plaintiff may redact the names and contact information of her employers or potential employers. Because plaintiff raised valid objections to the scope of defendants' discovery requests, no fees will be awarded.

Dated this 31st day of January, 2012.

*MMT S Lasnik*
Robert S. Lasnik
United States District Judge