UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
NADIA JALAL THOMPSON,               )
                                    )   No. C11-0120RSL
                Plaintiff,          )
        v.                          )   ORDER DENYING PLAINTIFF'S
                                    )   MOTION TO COMPEL
TRIDENT SEAFOODS CORP., *et al.*,   )
                                    )
                Defendants.         )
_____)

This matter comes before the Court on "Plaintiffs [sic] Motion to Compel Discovery and Impose Sanctions." Dkt. # 37. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

(1) Defendants, relying on a technical service problem that in no way impeded their ability to consider and respond to plaintiff's discovery requests, chose to delay their production until plaintiff could no longer file a timely motion to compel if it became necessary. In such circumstances, plaintiff's failure to file her motion to compel by the deadline established in the case management order will be excused.

(2) Based on the papers submitted, the Court is not in a position to resolve the disputed issue of whether the parties conferred regarding this discovery dispute on January 6, 2012.

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

Plaintiff states, albeit in her memorandum rather than a sworn declaration,[1] that the parties discussed her request for emails face-to-face on January 6, 2012, and that defendants asserted the attorney client privilege as a defense to production. Reply (Dkt. # 44) at 3. Plaintiff does not contend that there was a face-to-face discussion regarding her request for ships logs. Defense counsel states that he does not recall any discussion of the alleged deficiencies in defendants' production and that he did not view his attendance at depositions on January 6, 2012, as a meet and confer. Decl. of Greg Hendershott (Dkt. # 40) at ¶ 10.

Because there is no indication that the parties met and conferred regarding the production of the ships logs, plaintiff's motion for additional logs is DENIED. The Court will, however, consider her request for emails between defendant Vic Sheibert and other managers and officers of defendant Trident Seafoods Corporation.

(3) Plaintiff asserts that, in order to prove her case, she must have access to intra-company correspondence regarding her complaints and/or defendants' plan to terminate her employment. Defendants state that they have produced all correspondence regarding plaintiff among the 1,100 pages of documents and nearly 1,300 emails produced on or after December 31, 2012. Plaintiff does not offer any reason to believe that defendants' production was deficient or that additional documents exist. The mere fact that plaintiff assumed or hoped she would uncover incriminating correspondence in defendants' files does not justify an order to compel. The Court cannot compel the production of non-existent documents or order additional record searches where no deficiency is alleged or shown.

---

[1] Plaintiff is advised that a memorandum cannot substitute for admissible evidence to support or prove a particular matter. Plaintiff must provide a declaration setting forth the facts that are within her personal knowledge and on which her memorandum depends. The declaration must state in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. The declaration must also be dated and signed. Future factual statements that are not submitted under penalty of perjury may not be considered by the Court. Plaintiff should also be aware that the submission of a declaration under penalty of perjury which plaintiff does not believe to be true may subject her to penalties, fines, or imprisonment as set forth in Local General Rule 3 and 18 U.S.C. § 1621.

(4) Plaintiff expressly waived any claim for fees and costs she may have had under Fed. R. Civ. P. 37. Motion (Dkt. # 37) at 3. Defendants, on the other hand, request an award of reasonable expenses because the "responsive documents requested by this motion have been produced or were in the process of being produced when [plaintiff] filed this motion." Opposition (Dkt. # 39) at 10. Defendants waited until after plaintiff filed the motion to produce any log books. There is no indication that they had agreed to the production at any point before the motion to compel was filed: defendants had previously interposed a relevancy objection and reiterated that objection the day plaintiff filed her motion. Decl. of Greg Hendershot (Dkt. # 40), Ex. G. Where disclosure is made after the motion was filed, an award in the moving party's favor – *i.e.*, plaintiff's favor – may be appropriate under Fed. R. Civ. P. 37(a)(5)(A). The Court finds that an award of fees to defendants in these circumstances would be unjust.

For all of the foregoing reasons, plaintiff's motion to compel discovery (Dkt. # 37) and defendants' request for an award of fees and costs are DENIED.

DATED this 27th day of February, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge