UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NADIA JALAL THOMPSON,            )
                                 )   No. C11-0120RSL
            Plaintiff,           )
   v.                            )   ORDER GRANTING DEFENDANTS'
                                 )   MOTION TO DISMISS
TRIDENT SEAFOODS CORP., *et al.*,)
                                 )
            Defendants.          )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss New Claims in Plaintiff's Second Amended Complaint Under FRCP 12(b)(6)." Dkt. # 67. In the context of a motion to dismiss on the pleadings, the allegations of the complaint are taken in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). A claim will not be dismissed unless the allegations in support thereof, taken as a whole, fail to give rise to a plausible inference of actionable conduct. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Although the Court generally confines its review to the contents of the complaint (Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996)), Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted (United States v.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003)). Both plaintiffs and defendants have submitted extra-pleading documents for the Court's consideration. Because none of the documents are necessary for resolution of this motion, the Court declines to take judicial notice.

Having reviewed the memoranda and declarations submitted by the parties, the Court finds as follows:

Plaintiff alleges, and the Court assumes for purposes of this motion, that defendants withheld documents from the Equal Employment Opportunity Commission ("EEOC"), thereby compromising the agency's investigation of plaintiff's retaliation charge.[1] Plaintiff, however, does not have a cause of action arising from the failure to produce. If the EEOC believed defendants were stonewalling the investigation of plaintiff's retaliation charge, the agency had at its disposal a number of options to compel compliance. For example, it could have issued an administrative subpoena to defendants and, if that did not result in the desired production, it could have filed a federal lawsuit to enforce the subpoena. See Equal Emp't Opportunity Comm'n v. Fed. Express Corp., 558 F.3d 842, 845 (9th Cir. 2008) (district court has "jurisdiction to determine the enforceability of an administrative subpoena pursuant to §§ 706(b) and 710 of Title VII of the Civil Rights Act of 1964.").

There is no statutory provision allowing the complaining employee to compel, control, or otherwise interfere in the investigation performed by the agency. In fact, most federal courts that have considered the issue have found that there is no private cause of action for delay or interference in the EEOC's investigative process. See, e.g., Diggs v. Potter, 700 F. Supp.2d

---

[1] Plaintiff identifies the withheld documents as "[d]ocuments from my employment file, Mr. Misenti's hand written notes from harassment investigation of DeMaria, Mr. Misenti's interview notes with both witnesses and victims that came forward with harassment complaint, [and] apples to apples comparison of hours worked on the Alaska Packer and the M/V Independence in the Purser position." Decl. of Nadia Thompson (Dkt. # 71) at ¶ 8.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS                -2-

20, 46 (D.D.C. 2005).[2] The charging party's recourse is not to file a suit to enforce the EEOC's investigative powers or to seek damages related to wrongs allegedly aimed at the agency. Rather, the employee may, as plaintiff did here, file her own Title VII action and avail herself of the liberal discovery options set forth in the Federal Rules of Civil Procedure.

For all of the foregoing reasons, the newly-asserted claim regarding defendants' failure to cooperate with the EEOC does not state a cause of action for which relief can be provided. Defendants' motion to dismiss (Dkt. # 67) is therefore GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.[3]

Dated this 16th day of April, 2012.

Robert S. Lasnik
United States District Judge

---

[2] The only exception seems to be where the employer took extraordinary steps, including witness intimidation and commanding employees to rewrite their EEOC statements and refrain from speaking to plaintiff, that contributed to an on-going hostile work environment and retaliatory atmosphere that eventually drove plaintiff from the worksite. Ankeny v. Napolitano, 2010 WL 5094687 at *4 (W.D. Wash. Dec. 7, 2010). The interference of which plaintiff complains occurred long after her employment with defendants ended and did not in any way contribute to the Title VII sexual harassment and retaliation claims asserted in this litigation.

[3] Plaintiff's "Motion to Seek Court Appointed Mediator and Pro Bono Mediation Services" (Dkt. # 59), "Plaintiff's First Motion in Limine" (Dkt. # 73), "Defendants' Motions in Limine" (Dkt. # 74), and "Plaintiff['s] Motion to Extend Dates & Trial" (Dkt. # 76) are DENIED as moot.